**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P:(410) 962-4953 — F:(410) 962-2985**

November 23, 2026

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE: *Stacey D., v. Commissioner of the Social Security Administration*
Civil No. 1:25-cv-04307-JMC

Dear Counsel:

Stacey L. Doster ("Plaintiff") petitioned this Court on December 31, 2025, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1). The Court has considered the record in this case as well as the parties' dispositive filings. (ECF Nos. 12, 14, 17). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold an agency decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the case to the SSA for further consideration for the reasons explained below.

## I. Procedural Background

On March 11, 2022, Plaintiff filed an application for supplemental security income, alleging disability beginning June 21, 2012. (Tr. 240-248).[1] The SSA initially denied Plaintiff's application on May 9, 2023, and upon reconsideration on April 16, 2024. (Tr. 117-125, 128-134, 140-144, 146-149). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge. ("ALJ"). (Tr. 150). On June 17, 2025, ALJ Gary Ball conducted a telephone hearing where Plaintiff appeared and testified with counsel. (Tr. 38-62). ALJ Ball subsequently determined that Plaintiff was not disabled before October 10, 2024, but became disabled on that date. (Tr. 17-31). Thereafter, Plaintiff requested that the Appeals Council review the decision of the ALJ. (Tr. 231-233). On November 6, 2025, the Appeals Counsel denied review, rendering the ALJ's decision the final decision of the SSA. (Tr. 1-6).

## II. The ALJ's Decision

[1] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 7) filed in this case. When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

In arriving at the decision to deny Plaintiff's claims, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ must then assess the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work[,]" by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

At step one, the ALJ found that Plaintiff had not engaged in substantial activity since the date of her application, March 11, 2022. (Tr. 19).

At step two, the ALJ determined that Plaintiff has the following severe impairments: "tobacco dependency, chronic obstructive pulmonary disease (COPD), osteoarthritis, type 2 diabetes mellitus with peripheral neuropathy, sciatica, hidradenitis, obesity, major depressive disorder, generalized anxiety disorder, bipolar disorder and posttraumatic stress disorder (PTSD)." (Tr. 20).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, and 404.1526). *Id.* In assessing Plaintiff's step-three impairments, the ALJ reasoned:

> Although the claimant's impairments are considered severe under the regulations, they do not medically meet or medically equal the severity requirements of any listed impairment in Appendix 1 to Subpart P of Regulations No.404. In making this determination, the undersigned has specifically considered 1.15 (Disorders of the skeletal spine resulting in compromise of a nerve root), 1.16 (Lumbar spinal stenosis, resulting in compromise of the cauda equina), 1.18 (Abnormality of a major joint(s) in any extremity), 3.02 (Chronic respiratory disorders), 8.09 (Chronic conditions of the skin or mucous membranes), 12.04 (Depressive, bipolar and related disorders), 12.15 (Trauma- and stressor-related disorders) and SSRs 14-2p (Evaluating Diabetes Mellitus) and 19-2p (Evaluating Cases Involving Obesity) as well as any other relevant Social Security Rulings (SSRs) and finds that the evidence does not demonstrate the criteria required under the listings.

*Id*. at 20-21. Finding that Plaintiff had not proved that one or more of the above-mentioned severe impairments met or equaled one of the listed impairments in the SSA regulations, the ALJ determined Plaintiff's RFC as follows:

> [T]he undersigned finds that since June 21, 2012, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally lift 20 pounds and frequently lift 10 pounds; she can stand for 6 hours, walk for 6 hours and sit for 6 hours in a normal workday; she can occasionally climb, stoop, kneel, crouch, crawl and balance (as defined in the SCO); she would need to avoid concentrated exposure to dangerous machinery and unprotected heights; she would need to avoid concentrated exposure to atmospheric conditions; she can have occasional exposure to extreme cold and heat, humidity and wetness; she is limited to understanding and carrying out detailed, but not complex instructions; she can use judgment to make simple work-related decisions; she cannot work at a specific production-rate pace, as in an assembly line or where work requires hourly quotas; she can have occasional interaction with supervisors, coworkers and the public; and she is limited to work requiring only occasional changes in the routine work setting.

*Id*. at 24. The ALJ reasoned:

> In evaluating the claimant's allegations and symptoms under SSR 16-3p, the undersigned finds the claimant's allegations to be partially consistent with the record. The claimant testified to medication side effects of drowsiness, poor appetite and difficulties sleeping, but told the consultative examiner that she had no medication side effects (Exhibit C8F/4). The claimant also testified to only being able to stand or walk for no more than 5 minutes, but her own provider recently noted no concerns (Exhibit C13F/2). Despite this, the claimant did testify to continued back pain and foot numbness, which were consistent with treatment notes (Exhibits C7/27, 37; C11F/42; C13F/3-4).
>
> The undersigned gives some weight to the claimant's prior decisions' residual functional capacity findings (See AR 00-1(4); C1A; C4A), but notes that the claimant's impairments have changed over time, which has resulted in changes to her limitations. In particular, the undersigned notes that the claimant has provided new evidence that her functioning has changed with her able complete more detailed tasks, based on indications of a sixth grade education, but with her own provider noting logical thought processes and average intelligence, but as also needing to avoid work at a specific production rate pace and having only the judgment to make simple decisions, based on indications of poor focus, limited judgment, limited impulse control, limited insight, poor fund of knowledge and below average intelligence (Exhibits 8F/6; C12F/25-26). In noting this, the undersigned notes that the changes to the claimant's paragraph B criteria have resulted in these changes to her residual functional capacity. The claimant was also further limited in her postural activity, based on her sciatic, diabetes with neuropathy and hidradenitis with indications of diminished foot sensation,

> radiculopathy and abscesses, rashes and cysts on her body (Exhibits C4F/11; C5F/7; C7F/27, 34, 37-38, 41, 42-45, 88, 95, 98, 119-120, 126, 131, 137-138; C11F/46; C13F/2-3)
>
> In sum, the above residual functional capacity assessment is supported by treatment notes. The claimant was limited to less than light exertion work, based on evidence of tobacco dependency, COPD, osteoarthritis, type 2 diabetes mellitus with peripheral neuropathy, sciatica, hidradenitis, obesity, major depressive disorder, generalized anxiety disorder, bipolar disorder and PTSD. More specifically, the claimant was limited to occasional climbing, stooping, kneeling, crouching, crawling and balancing, based on evidence of obesity, lumbar tenderness, decreased range of motion, radiculopathy, poorly controlled diabetes with diminished foot sensation and abscesses, rashes and cysts on her body. The claimant would need to avoid concentrated exposure to dangerous machinery and unprotected heights, based on evidence of obesity, lumbar tenderness, decreased range of motion, diminished foot sensation and radiculopathy. The claimant would need to avoid concentrated exposure to atmospheric conditions, including only occasional exposure to extreme cold and heat, humidity and wetness, based on evidence of COPD exacerbations with wheezing and chest tenderness that was complicated by her tobacco use, as well as hidradenitis with abscesses, rashes and cysts on her body. The claimant was limited to understanding and carrying out detailed, but not complex instructions, while using her judgment to make simple work-related decisions, based on evidence of her 6th grade education with indications of difficulties during testing by the mental consultative examiner and limited focus, judgment and impulse control noted by her own provider. The claimant was limited to no work at a specific production-rate pace, as in an assembly line or where work requires hourly quotas and work requiring only occasional changes in the routine work setting, based on evidence of limited focus, judgment and impulse control by her own provider and concerns of limited attention and concentration on testing by the mental consultative examiner. Finally, the claimant was limited to occasional interaction with supervisors, coworkers, and the public, based on evidence of anxiousness and crying spells noted by her own providers. Accordingly, the undersigned finds that the residual functional capacity is consistent with the evidence.

*Id*. at 28-29. At step four, the ALJ found that Plaintiff has no past relevant work. *Id*. at 29.

The ALJ determined that prior to the established disability onset date, "Plaintiff was an individual closely approaching advanced age." *Id*. Plaintiff's age category changed on October 10, 2024, "to an individual of advanced age." *Id*.

Finally, given Plaintiff's age, education, work experience, and RFC, the ALJ determined that prior to October 10, 2024, "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." *Id*. The ALJ determined that Plaintiff could perform the following jobs: "(1) marker, DOT #209.587-034 (136,000 jobs in the national economy); routing clerk, DOT #222.687-022 (104,000 jobs in the national economy); and

laboratory-sample carrier, DOT #922.687-054 (10,700 jobs in the national economy)." *Id*. at 30.

Accordingly, the ALJ concluded that Plaintiff was not disabled prior to October 10, 2024. *Id*. at 31. However, beginning on October 10, 2024, given Plaintiff's age, education, work experience, and RFC, the ALJ determined that no jobs existed in "significant numbers in the national economy" that Plaintiff could have performed. *Id*.

## III. Legal Standard

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through an application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . [which] consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (other citation and internal quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## IV. Analysis

Plaintiff argues on appeal that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 12 at 7). Specifically, Plaintiff faults the ALJ for failing to properly assess and document Plaintiff's limitations, as required by SSR-98-8p. *Id*. at 8, 9. For the reasons that follow, the Court agrees. As such, I will remand the case.

### A. <u>The ALJ's RFC Determination Must be Supported by Substantial Evidence, i.e. a Function-by-Function Assessment</u>

"An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a 'regular and continuing basis.'" *Rodney M. v. Kijakazi*, No. CDA-23-0947, 2024 WL 1097192, at *3 (D. Md. Mar. 13, 2024) (quoting 20 C.F.R. § 416.945(b)–(c)). The ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work" in determining a claimant's RFC. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "An ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 404.1545(b), including sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . [that] may reduce [a claimant's] ability to do past work and other work." *Rodney M.*, 2024 WL 1097192, at *3 (internal citation omitted). As previously explained by the Fourth Circuit, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311). Thus, "a proper RFC analysis proceeds in the following order: (1) evidence, logical explanation, and conclusion." *Id.* at 388 (cleaned up). The Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," nevertheless,

"[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636; *see also Monroe*, 826 F.3d at 188. A "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate and logical bridge from [that] evidence to his conclusion.") (internal quotation omitted) (emphasis in original). Indeed, "the driving consideration is whether the ALJ's analysis allows for meaningful judicial review," *Lail v. Kijakazi*, No. 21-2133, 2022 WL 1711809, at *1 (4th Cir. May 27, 2022). "Thus . . . remand is appropriate only where 'inadequacies in the ALJ's analysis frustrate meaningful review,' such as when an ALJ fails to assess a claimant's capacity to perform relevant functions or does not resolve material disputes in the record." *Delesline-Meggett v. Comm'r of Soc. Sec.*, No. 21-1859, 2023 WL 8230802, at *1 (4th Cir. Nov. 28, 2023).

B. <u>The ALJ Failed to Conduct a Function-by-Function Assessment as Set Forth by Social Security Ruling 96-8p</u>

As an initial matter, Social Security Rulings ("SSRs") "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the SSA. 20 C.F.R. § 402.35(b)(1). Though an ALJ need not refer to an SSR in his or her opinion, the ALJ's decision must be based upon proper application of the correct legal standards supported by substantial evidence. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). Relevant here, SSR 96-8p provides that:

> "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."

A function-by function assessment is required where a function is "critically relevant" to determining a claimant's disability status. *Dowling*, 986 F.3d at 389. Thus, remand is appropriate when the ALJ fails to perform such an analysis. *See Venkata P. v. Commissioner, Soc. Sec. Admin.*, No. SAG-23-2103, 2024 WL 2273565, at *4 (D. Md. May 20, 2024) (remanding where an ALJ failed to explain how the claimant could fulfill each of the implicit exertional requirements of sedentary work). For example, in *Kenneth L. v. Bisignano*, the Court recognized that "whether Plaintiff can carry out the exertional requirements (i.e. lifting/carrying, standing, walking, sitting, pushing, and pulling) of light work is critically relevant to determining Plaintiff's disability status." No. DRM-CV 962-7770, 2025 WL 2781547 at *3 (D. Md. Sept. 29, 2025). There, the court remanded the case because the ALJ "was required to show how the light work category accurately accounted for Plaintiff's abilities, by demonstrating how the evidence supports a finding that the Plaintiff can fulfill each of the implicit exertional requirements of light work." *Id*. The Court found

that the ALJ's references to Plaintiff's symptoms in his analysis did not "equate to the function-by-function assessment called for in SSR 96-8p." *Id.*

As Plaintiff here points out, the ALJ did not conduct a function-by-function assessment of the RFC's exertional functions– namely, standing and walking. (ECF No. 12 at 14); *see* (Tr. 17-31). While the ALJ details Plaintiff's symptoms and relevant medical treatment, Tr. 24-29, he does not adequately assess Plaintiff's ability to perform "light work." Plaintiff testified at the hearing that she has "back and leg pain that limited her bending, as well as her standing and walking to only about 5 minutes before needing to take a break." (Tr. 25). She also testified that she has "numbness and pins and needles in her legs and feet, due to her neuropathy." *Id.* Nevertheless, the ALJ determined that Plaintiff could perform "light work" and "stand for 6 hours, walk for 6 hours and sit for 6 hours in a normal workday." (Tr. 24). Light work involves "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567. "Nowhere in the ALJ's opinion does he specifically assess the extent to which [Plaintiff's] alleged [walking, standing,] ... impacted her ability to perform [light] work." *Carmen F. v. Bisignano*, No. AAQ-25-0001, 2026 WL 772056, at *5 (D. Md. Mar. 19, 2026) (quoting *Dowling*, 986 F.3d at 388). "The ALJ could not have supported a conclusion in this regard through a narrative discussion concerning the relevant evidence because he reached no such express conclusion in the first instance." *Id.* Thus, remand is warranted. *See Mascio*, 780 F.3d at 636 (citation omitted) (holding that remand is appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review"); *cf. Holmes v. Colvin*, No. TMD-13-3546, 2015 WL 1402412, at *5–6 (D. Md. Mar. 25, 2015) (refusing to remand because the ALJ's assessment provided an option for the plaintiff to alternate between sitting and standing at will).

The Commissioner argues that remand is not required because "the ALJ provided a sufficient narrative discussion of the evidence supporting the [RFC] finding." (ECF No. 14 at 6-7) ("[s]o long as the agency's reasoning is "reasonably discernible," ... such that a court is not "left to guess" about the basis for the ALJ's conclusions, ... the duty of explanation is satisfied") (citing *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021); *Mascio*, 780 F.3d at 637). The Commissioner correctly asserts that this Court has rejected a per se rule requiring remand when the ALJ does not analyze "Plaintiff's limitation function by function." *Monroe*, 826 F.3d at 188. "Nonetheless, "[m]eaningful review is frustrated" and remand is necessary "where [the court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." *Monica F. v. Bisignano*, No. AAQ-25-02012, 2026 WL 2268433, at *3 (D. Md. Aug. 6, 2026) (quoting *Britt v. Saul*, 860 Fed. Appx. 256, 262 (4th Cir. 2021) (internal quotation marks and citation omitted)). Here, the ALJ failed to build a logical bridge from evidence to conclusion as he did not make the proper findings about Plaintiff's ability to walk and stand. *See* (ECF No. 12 at 13) ("Plaintiff testified she could stand or walk for only approximately five minutes before needing a break and experienced back pain, leg pain, foot pain, numbness, and pins-and-needles sensations caused be neuropathy."). The ALJ noted that Plaintiff's providers diagnosed her with "chronic back pain, lower extremity numbness, poorly controlled diabetes, decreased foot sensation ...scoliosis in lumbar spine with moderate degenerative changes at L3 to L4 ...." (Tr. 25). Yet, the ALJ fails to explain how Plaintiff can walk and stand for 6 hours of an 8-hour workday. Instead, the ALJ merely notes Plaintiff's "normal lower extremity strength, good range of motion, good overall sensation ...and normal gait." *Id.* The

ALJ also notes the absence of a treatment note to support Plaintiff's inability to walk or stand longer than five minutes. *See id*. at 28. However, in the subsequent sentence, the ALJ states that Plaintiff "did testify to continued back pain and foot numbness, which were consistent with treatment notes." *Id*. The ALJ's decision fails to explain how Plaintiff could perform light work, "thus rendering the ALJ's discussion insufficient for this Court to deduce the ALJ's reasoning regarding Plaintiff's RFC." *Monica F.,* 2026 WL 2268433, at *4; *see Cleo G. v. Cmm'r of Soc. Sec.*, No. EA-24-2834, 2025 WL 2771919 (D. Md. Sept. 29, 2025) (remanding where the ALJ analyzed plaintiff's symptoms and medical records but failed to assess plaintiff's exertional capacity). The lack of a proper narrative discussion, regarding Plaintiff's ability to walk and stand, makes it "impossible for the Court to determine whether the decision was based on substantial evidence." *Stacy C. v. Kijakazi*, No. CBD-20-2833, 2022 WL 814292, at *3 (D. Md. Mar. 17, 2022).

## V. Conclusion

In sum, the Court agrees with the Plaintiff that the ALJ failed to adequately explain Plaintiff's RFC. In other words, the ALJ's determination that Plaintiff can perform light work is not supported by substantial evidence for the reasons explained above. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED and REMANDED for further proceedings. The Clerk of the Court is accordingly asked to CLOSE this case.

Despite the informal nature of this letter, it is an Order and Opinion of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge